Filed 8/25/14  Smith v. Superior Court CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 3

| | |
|---|---|
| LAWRENCE SMITH,<br><br>　　　　Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SOLANO COUNTY,<br><br>　　　　Respondent;<br><br>THE PEPOLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Real Party in Interest and Plaintiff. | A141668<br><br>(Solano County<br>　Super. Ct. No. FCR303269) |

Petitioner Lawrence Smith, (Petitioner) in the custody of the California Department of Corrections and Rehabilitation (CDCR) and presently charged with possession of illegal substances in a jail facility, petitions for a writ of mandate to set aside an order denying his request for discovery of CDCR Sergeant R. Durfey's personnel records.  In response to Smith's petition, this court stayed the trial court proceedings, requested informal opposition, and advised the parties that if appropriate this court might resolve the issue without a further hearing pursuant to *Palma v. U.S. Industrial Fasteners*, Inc. (1984) 36 Cal.3d, 171, 180 (*Palma*).

Having reviewed the parties' submissions we conclude Petitioner has established good cause for the superior court to conduct an in camera review of Sergeant Durfey's personnel file.  We therefore shall direct the Respondent superior court to vacate its order

1

and conduct an in camera review to determine which documents, if any, should be provided to Petitioner.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2013 the Attorney General filed a felony complaint charging Petitioner with possession of illegal substances (marijuana and heroin) in a jail facility in violation of Penal Code section 4573.6.[1]  Petitioner is currently awaiting trial on this charge.

The police investigation report in this matter reflects the following facts.  On June 14, 2013 CDCR Officer L. Davis conducted a routine search of  Petitioner's cell as his colleague, CDCR Officer H. De La Torre, observed from several feet away.  Before he searched the cell, Davis removed Petitioner from the cell and ordered him to sit on the bench in the day room.

In the course of searching Petitioner's cell Davis discovered a container of baby powder.  Davis emptied the container and while doing so observed a large clear bindle.  The bindle contained a leafy green substance which Davis believed was marijuana.  Davis opened the large bindle and found eleven smaller bindles each of which contained a leafy green substance he believed to be marijuana.  Officer De La Torre placed Petitioner in handcuffs and De La Torre and Davis escorted him to the facility program complex where De La Torre strip searched Petitioner but found no further contraband.  Davis, assisted by CDCR Sergeant R. Durfey inventoried Petitioner's personal property and placed each item into plastic bags.

With respect to the container found in Petitioner's cell, Durfey poured the baby powder back into the container.  As he did so, Durfey observed  a second large bindle in the powder.  This second bindle was made from what appeared to be the finger of a latex glove.  Durfey placed this second bindle into his pocket and continued to place Petitioner's property into plastic bags.  Later, Durfey photographed the bindle, opened it and observed four smaller bindles inside the larger bindle.  Each of the smaller bindles

---

[1]     All further unspecified statutory references are to the Penal Code.

contained a black tar like substance Durfey believed to be heroin. Durfey collected all of the bindles and placed them in the evidence locker.

Petitioner, through his appointed defense counsel, filed a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) seeking discovery of Durfey's confidential police personnel records (*Pitchess* motion). In support of the motion, Defense counsel filed a sworn declaration which, on information and belief, stated that Durfey included false and misleading information in his incident reports. The declaration stated that Davis' search of Petitioner's cell produced a container filled with powder. When Davis emptied the contents of the container, he observed a large bindle within which he found several smaller bindles. These smaller bindles contained a substance Davis believed to be marijuana. The declaration further stated that Petitioner did not have any heroin concealed in the powder, that no heroin was found or otherwise present at any time before, during or after he was searched and that the heroin allegedly found was planted by Durfey – while Durfey and Davis were bagging Petitioner's possessions or when placing the inventoried items into the evidence locker. Counsel's declaration also asserted that Durfey falsified his incident report because "he dislikes Smith, as Smith does not sufficiently cower before correctional authority." Finally counsel averred that the requested records were material to the proper presentation and preparation of the case for trial in that Durfey's prior falsification of testimony, false police reports, perjury, false or illegal detentions and arrests and other acts involving dishonesty and/or moral turpitude were relevant to impeach Durfey's credibility because "the sole evidence that places the heroin in [Petitioner's] cell is the testimony of Sergeant Durfey."

Real Party in Interest CDCR lodged an objection to the requested discovery. CDCR argued that Petitioner's counsel's declaration relied on conclusory assertions and denials and failed to provide a plausible factual foundation to support the claim that Durfey planted heroin in his cell. Respondent superior court denied the *Pitchess* motion, without comment, in its March 6, 2014, order.

Petitioner now requests this court to issue a writ of mandate and/or prohibition directing Respondent superior court to vacate its March 6, 2014, order and conduct an in

3

camera review of Durfey's personnel records. We stayed the trial in this matter, asked for informal opposition and gave notice pursuant to *Palma, supra,* 36 Cal.3d at p. 180, that, if appropriate, we might issue a peremptory writ in the first instance.

## DISCUSSION

Pre-trial appellate review of criminal discovery rulings is appropriate. (See *People v. Memro* (1985) 38 Cal.3d 658, 675, overruled on another ground in *People v. Gaines* (2009) 46 Cal.4th 172, 181, fn. 2.) We review the grant or denial of a *Pitchess* motion, for abuse of discretion. (*People v. Hughes* (2002) 27 Cal.4th 287, 330.)

The *Pitchess* procedure seeks to balance the peace officer's right to confidentiality against the defendant's right to obtain information that is pertinent to his defense (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039; *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 (*Warrick*).) "In 1978, the California Legislature codified the holding of *Pitchess* by enacting Penal Code sections 832.7 and 832,8, as well as Evidence Code sections 1043 through 1045. (Added by Stats. 1978, ch. 630, §§ 1-3 & 5-6, 2028-2083.)" (*Warrick, supra,* 35 Cal.4th at p. 1019.) *Warrick* summarizes the legislative requirements to obtain *Pitchess* discovery. To initiate discovery, the defendant must file a motion which provides notice to the governmental agency which has custody of the records sought, a description of the records or information sought, as well as affidavits showing "good cause for the discovery or disclosure sought, setting forth the materiality of the information to the pending litigation and stating upon reasonable belief that such governmental agency identified has such records or information from such records. (Evid. Code § 1043, subd. (b)(2).) To show good cause as required by Evidence Code section 1043, defense counsel's declaration must propose a defense or defenses to the pending charge. The declaration must articulate how the discovery sought may lead to relevant evidence or may itself be directly admissible or impeachment evidence that would support those proposed defenses. These requirements ensure that only information potentially relevant to the defense need be brought by the custodian of the officer's records to the court for its examination in chambers. (*Warrick, supra,* 35 Cal.4th at p. 1024.) Lastly, counsel's affidavit must describe a factual scenario supporting the

4

claimed officer misconduct. (*Id.* at p. 1024.) A plausible scenario of officer misconduct is one that "might or could have occurred." (*Id.* at p. 1026.) Depending on the circumstances of the case, a plausible scenario of officer misconduct may consist of a denial of the facts asserted in the police report. (*Id.* at p. 1024.)

Employing the relatively "low standard" for discovery articulated in *Warrick*, *supra,* 35 Cal.4th 1011, we conclude here that defendant satisfied the criteria for discovery under Evidence Code section 1043, subdivision (b) thus entitling him to an in camera records review of relevant documents under Evidence Code section 1045. As set forth above, Petitioner was charged with possessing illegal drugs (marijuana and heroin) while in custody. The declaration submitted by Petitioner in support of the *Pitchess* motion, however, denied that defendant had any knowledge or possession of heroin on the date of his arrest. To the contrary, Petitioner's counsel's declaration states "the heroin allegedly found in the baby powder container was planted by Sergeant Durfey after the initial search either when he was assisting Davis in bagging [Petitioner's] possessions or when placing the items into the evidence locker." Additionally, Sergeant Durfey's actions were motivated by his personal dislike of the Petitioner, who allegedly "does not sufficiently cower before correctional authority." Moreover, Petitioner's assertion that Durfey planted the drugs is internally consistent with Durfey's incident report which indicates that he observed the bindles of heroin after the arrest and strip search of Petitioner. While unnecessary, the declaration also provides a motive for the officer's alleged misconduct. Lastly, as required by Evidence Code section 1043, the declaration of Petitioner's counsel also proposes a defense or defenses to the pending charge and articulates how the discovery may lead to or may itself be admissible as direct or impeachment evidence.

Thus we conclude these allegations are sufficient to meet the low bar necessary to trigger the trial court's obligation to conduct an in camera review of Officer Durfey's personnel file pertaining to his credibility.

A decision by our colleagues in the Fifth District supports our conclusion. In *People v. Hustead*, (1999) 74 Cal.App.4th 410, a defendant facing a charge of evasion of

arrest after a high-speed automobile chase sought *Pitchess* discovery of whether the pursuing officer had a "history of misstating or fabrication of facts" in police reports. (*Id* at p. 416.) The *Hustead* court found that the defendant met his burden to justify an in camera review of the reporting officer's personnel file regarding evidence of dishonesty based upon counsel's declaration, which alleged that the officer made material misstatements regarding what he saw, including making false claims that the defendant was driving dangerously, defendant's denial of the alleged driving pattern, and counsel's assertion that a material and substantial issue in the trial would be the character, habits, customs and credibility of the officers. (*Id* at pp. 416-417.)

## CONCLUSION

Petitioner's entitlement to relief is clear and no useful purpose would be served by plenary consideration of the issue. (See *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261.) Thus, the accelerated *Palma* procedure (see *Palma, supra,* 36 Cal.3d 171) is appropriate.

Therefore, let a peremptory writ of mandate issue directing Respondent superior court to vacate its March 6, 2014 order denying Petitioner's *Pitchess* motion and directing it to enter a new and different order granting the motion to produce CDCR Sergeant Durfey's personnel records for in camera review. Respondent superior court remains free to determine in the first instance which documents and information contained in said file, if any, should be disclosed to Petitioner. This decision is final as to this court immediately upon filing. (Cal. Rules of Court, Rule 8.490(b)(1).) The stay previously issued by this court shall remain in effect until the issuance of the remittitur. (Cal. Rules of Court, Rule 8.272.)

6

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.